UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS E. JONES, | ) | CASE NO. 1: 10 CV 02568 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kathleen B. Burke. The Report and Recommendation (ECF # 16), submitted on December 6, 2011, is ADOPTED.

Plaintiff Thomas E. Jones filed this action seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision denying his applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C.§§ 416(i) and 423, and Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1381 *et seq*. This matter was referred to Magistrate Judge Burke for a Report and Recommendation pursuant to Local Rule 72.2(b)(1).

Magistrate Judge Burke found that the Administrative Law Judge's ("ALJ") decision erred in its evaluation of medical opinion evidence from treating and consultative sources. Specifically, the Magistrate Judge found that the ALJ failed to follow the proper legal criteria. As properly noted by the Magistrate Judge, the regulations require that, "Regardless of its source, every medical opinion received shall be evaluated." (ECF #16 at 12, citing 20 C.F.R. §§ 404.1527(d), 416.9279(d)). The Magistrate Judge further observed that the ALJ failed to properly follow Social Security's rules and regulations regarding evaluation of medical opinion evidence. (ECF #16 at 14.) The Magistrate Judge specified that the administrative law judge failed to:

(1) consider the opinion of Treating Physician Gittinger. The Magistrate Judge noted that while the administrative law judge could have found this opinion was too remote to be relevant, he instead ignored the opinion. As such, he failed to provide any reason for disregarding the opinion (ECF #16 at 14-15);

(2) mention or describe the weight given to the opinion of the State agency reviewing physician as required under the regulations (ECF #16 at 15-16);

(3) explain why the limitations identified by the consultative examiner, Dr. Togliatti-Trickett, did not amount to a severe impairment (ECF #16 at 16).

Based on these findings, the Magistrate Judge recommended that the Commissioner's decision be reversed and that this matter be remanded for further proceedings consistent with the Report and Recommendation.

Defendant timely filed Objections to the Magistrate Judge's Report and Recommendation. (ECF #17.) The Objections do not, however, deny that the ALJ failed to follow the proper legal criteria. Instead, the Objections focus on evidence that may justify the

2

ALJ's conclusions.

Defendant's Objections are not persuasive. Evidence that may justify the ALJ's conclusions does not overcome the failure to properly evaluate medical opinion evidence. As the Sixth Circuit has stated, "[A] failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how these reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based on the record." *Rogers v. Commissioner*, 486 F.3d 234, 243 (6th Cir. 2007) (citing *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004)). As the *Wilson* court stated:

> A court cannot excuse the denial of a mandatory procedural requirement protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and thus, a different outcome on remand is unlikely. "[A] procedural error is not made harmless simply because the [aggrieved party] appears to have had little chance of success on the merits anyway." To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with § 1527(d)(2), would afford the Commissioner the ability to violate the regulation with impunity and render the protections promised therein illusory.

*Wilson v. Commissioner*, 378 F.3d at 546.

The Court finds Magistrate Judge Burke's Report and Recommendation to be thorough, well-written, well-supported, and correct on all issues addressed therein. The Magistrate's Report and Recommendation fully and correctly addresses all of Plaintiff's claims, and Defendant's objections are not persuasive. The Court therefore adopts the Magistrate's Report in its entirety.

The Commissioner's decision denying Petitioner's applications for DIB and SSI is

3

reversed. This matter is remanded as noted by the Magistrate Judge for proper evaluation of medical source opinions.

       IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: March 23, 2012